IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Cederick Wise, | Case No.: 6:22-cv-00059-JD-KFM |
| Plaintiff, | |
| vs. | **OPINION & ORDER** |
| Kenneth Nelson, Arthur Frederick, Divine Carter, Kenneth Greggs, Sherman Anderson, Ms. Jackson, M. Lawrence, B. Williams, John Doe 1, | |
| Defendants. | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Kevin F. McDonald ("Report and Recommendation"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina.[1] Plaintiff Cederick Wise ("Wise" or "Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (DE 1.)

On January 6, 2022, Plaintiff filed complaint against Defendants Kenneth Nelson, Arthur Frederick, Divine Carter, Kenneth Greggs, Sherman Anderson, Ms. Jackson, M. Lawrence, B. Williams, and John Doe 1[2] (collectively "Defendants"), alleging that his sentence had been calculated incorrectly such that he should have been released from incarceration on August 17,

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] The caption is updated to reflect the actual parties to this action. Although Plaintiff references John Doe defendants, he provides identification information for three of the four John Doe defendants. As such, the docket has been updated to reflect the parties named by the plaintiff.

2021.  (DE 1.)  With his Complaint, Plaintiff also filed a motion seeking a permanent injunction that would require the Defendants to conduct a proper investigation into his improperly calculated sentence and correct it.  (DE 4.)

The Report and Recommendation was issued on January 26, 2022, recommending that Plaintiff's case be dismissed because, among other things, this action is duplicative or Plaintiff's prior action that was dismissed.  See Wise v. Kendall, et al., C/A No. 6:21-cv-00164-JD, 2021 WL 3410460 (D.S.C. Apr. 16, 2021), Report and Recommendation adopted by 2021 WL 3410057 (D.S.C. Aug. 4, 2021).  (DE 10.)

Plaintiff filed no objections to the Report and Recommendation.  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Upon review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that this action is dismissed with prejudice and without issuance and service of process.  Further, it is further ordered that this action be designated as a "strike" pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

s/Joseph Dawson, III
Joseph Dawson, III
United States District Judge

March 16, 2022
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3